

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 14, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. M. B. Morgan, Commissioner
Bureau of Labor Statistics
Austin, Texas

Opinion No. V-430

Re: Whether an employ-
ment agency which
collects its fees
from employers in-
stead of employees
is covered by Art.
5221a-4, V. C. S.,
and a related ques-
tion.

Dear Sir:

Your original request for an opinion, dated September 23, having been withdrawn and later revived by your letter of October 20, we quote in part from both of your requests:

". . . . A limited partnership under the name of Man-Ser-Co., Ltd., managed by James H. Bash, proposes to operate as follows:

"Man-Ser-Co., Ltd., will undertake to sell employers upon the proposition that they can hire employees who are better suited to their needs if they will engage the services of Man-Ser-Co., Ltd. to study their job requirements, then to advertise for such employees as they require. Man-Ser-Co., Ltd., will subject the applicants to intelligence, experience, education, psychological and aptitude tests to determine their fitness for the particular work which the successful applicant will be required to do for the employer. The advertisements will be run in the daily newspapers in the name of Man-Ser-Co., Ltd. The applicants will report to the offices of Man-Ser-Co.,Ltd. The advertisements may be by means of cards, circulars, signs, in newspapers or other publications, and will set forth the name and address of Man-Ser-Co., Ltd. The statements contained therein will be true and not misleading. Man-Ser-Co., Ltd., will not

procure common laborers or agricultural work-
ers. At no time will any applicant for em-
ployment, including the successful applicant,
pay or promise to pay anything whatsoever to
Man-Ser-Co., Ltd. The entire compensation of
Man-Ser-Co., Ltd., will come from the employer.
. . . .

"Our questions are:

"1. Will it be permissible to allow
an agency to operate who charges
only the employer?

"2. What control shall we have in re-
gard to fees? Shall the charges
to the employers be the same as
that stipulated by the law for em-
ployees?"

With regard to your first question, the pertinent
parts of Article 5221a-4 read as follows:

"Section 1. (b) 'Fee' means anything of
value including money or other valuable con-
sideration or services or the promise of any
of the foregoing received by an employment
agency from or on behalf of any person seeking
employment or employees in payment for any
service, either directly or indirectly.
(Emphasis added throughout this opinion)

". . . . . . (e) 'Employment or Labor
Agent' means any person in this State who for
a fee offers or attempts to procure or procures
employment for employees, or without a fee of-
fers or attempts to procure or procures employ-
ment for common laborers or agricultural workers,
or any person who for a fee offers or attempts to
procure or procures employees for employers, or
without a fee offers or attempts to procure or
procures common laborers or agricultural workers
for employers, or any person, regardless of
whether a fee is received or due, offers or at-
tempts to supply or supplies the services of com-
mon or agricultural workers to any person."

Unquestionably, employment agencies relying upon
employers for their fees are covered by the above statute.



Such agency comes within the particular part of the definition of "employment or labor agent" which specifically refers to "any person who for a fee offers  or attempts to procure or procures employees for employers". The definition of "fee" in the statute is inclusive of the situation you have reference to where the <u>employer</u> pays a fee to the agency for choosing qualified personnel. Reducing the definition of "fee" to its essential components, for application to your fact situation, it reads as follows:

> "(b)  'Fee' means anything of value . . . received by an employment agency from . . . <u>any</u> <u>person seeking employment or employees</u> . . ."

The logical interpretation of the above language is that it refers to disjunctive positions and means "from any person seeking employment or any person seeking employees." The alternative interpretation would be that the enunciation means "from any person seeking employment or from employees." We think the latter interpretation to be an unlikely and illogical disjunctive as it would render ineffective the particular part of the statute quoted above which defines an employment agency as including the situation where a person, for a fee, procures employees for employers.

We therefore answer your first question to the effect that an employment agency operating at the behest of the employer, charging fees of the employer alone, is authorized to do so by the provisions of Article 5221a-4 and is covered by the provisions and requirements therein relating to all employment agencies, except as hereinafter noted.

Your next question relates to the control of the Commission of the Bureau of Labor Statistics over the amount of the fees charged the employer by the employment agency.

The provisions of the statute applying to the fees to be charged read as follows:

Hon. M. B. Morgan, page 4, V-430

"Sec. 11. Where a fee is charged for obtaining employment, such fee in no event shall exceed the sum of Three ($3) Dollars, which may be collected from the applicant only after employment has been obtained and accepted by the applicant; provided, however, employment or labor agents engaged exclusively in providing employment for skilled, professional, or clerical positions may charge, with the written consent of the applicant, a fee, not to exceed thirty (30) per centum of the first month's salary, which may be collected from the applicant only after employment has been obtained and accepted by the applicant."

It will be seen that this Section applies only where a fee is charged _for obtaining employment_. This provision of the statute has no application where a fee is charged _for obtaining employees_. There can be no doubt that the underlying purpose of the statute is to protect those seeking employment from exploitation by an employment agency that might be tempted to take advantage of the vulnerability of the employment seeker. This consideration does not obtain where the _employers_ are seeking competent _employees_, and are willing to pay a fee to an employment agency that proposes to furnish such employees.

We advise you as to your second question that the Commissioner of the Bureau of Labor Statistics is not authorized to control the amount of the fee that an employment agency may charge an employer for obtaining employees.

In this holding, we follow Opinion No. 0-7299, previously rendered by this department.

### SUMMARY

An employment agency which operates by charging employers a fee for obtaining employees is authorized to do so by the provisions of Art. 5221a-4, V. C. S., except that the amount of the fee to be charged employers by the employment

agency is not limited by the provisions in Section 11 of Art. 5221a-4 since this Section relates only to the fee which an employment agency may charge employees.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Dean J. Capp*
Dean J. Capp
Assistant

DJC:rt

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL